<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY</u>

|  |  |
|---|---|
| MICHAEL KLIMOWICZ, | : |
| Plaintiff, | : |
|  | : Civil Action No. 04-2990 (JAG) |
| v. | : |
|  | : **OPINION** |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | : |
| Defendant. | : |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before this Court on the motion for summary judgment by Defendant Unum Life Insurance Company of America ("Unum") and the cross-motion for summary judgment by Plaintiff Michael Klimowicz ("Klimowicz"), pursuant to FED. R. CIV. P. 56(c). For the reasons set forth below, Defendant's motion will be granted and Plaintiff's cross-motion will be denied.

**I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>**

The summary judgment motions address Klimowicz's entitlement to disability benefits, pursuant to the employee benefit plan ("Plan") issued by Unum to Klimowicz's employer, Smolin, Lupin & Company, P.A. The Plan is "delivered in and governed by the laws of the governing jurisdiction and to the extent applicable by The Employee Retirement Income Security

1

Act of 1974 ("ERISA") and any amendments." (Aff. of Joel Kenniston Ex. A at L-1.)

The Plan provides participating employees with long-term disability coverage. In order to receive disability benefits, the plan participant must provide written notice of his claim to Unum within 30 days after the disability begins, or as soon thereafter as is reasonably possible. Once Unum receives written notice from the claimant, it sends forms for the claimant to complete. The claimant must then submit to Unum evidence sufficient to prove that he has a disability, as defined by the Plan. Unum may approve the claim after it receives proof that the claimant is disabled. If the claim is approved, the claimant's monthly benefit payments will commence at the end of the elimination period, which is defined under the Plan as the first 90 consecutive days that the claimant is disabled.

Even after Unum approves the claim, the claimant must continue to submit to Unum further proof supporting his disability claim. Such proof of claim must be provided to Unum no later than 90 days after the end of the elimination period; however, "if it is not possible to give proof [of claim] within these time limits, it must be given as soon as reasonably possible." (Id. at L-GPP-2.) Thereafter, the claimant must provide proof of continued disability to Unum within 30 days of any request for such proof.

The Plan includes a provision entitled the Mental Illness Limitation, which states that claimants disabled due to mental illness may not receive disability benefits for more than 24 months, unless the claimant is hospitalized or confined for a specified period of time. The Plan defines the term "mental illness" as "mental, nervous or emotional diseases or disorders of any type." (Id. at L-BEN-6.)

The Plan also includes the following contractual limitation clause:

> A claimant or the claimant's authorized representative cannot start
> any legal action:
> 1) until 60 days after proof of claim has been given; nor
> 2) more than 3 years after the time proof of claim is required.

(Id. at L-GPP-3.)

In 1999, Klimowicz submitted to Unum a claim stating that he has been totally disabled as of January 22, 1999 due to major depressive disorder. Unum informed Klimowicz in a correspondence dated October 21, 1999 that it approved his claim for disability benefits. The letter explained that Klimowicz will receive disability benefits for 24 months, pursuant to the Plan's Mental Illness Limitation. Specifically, the letter stated:

> You will be eligible for a **maximum** of twenty-four (24) months of
> benefits provided you continue to meet the policy definition of
> disability. As your disability benefits started April 23, 1999, the
> current information indicates that your maximum disability
> benefits would be paid through April 22, 2001.

(Aff. of Joel Kenniston Ex. B at Bates Stamp No. UACL00099 (emphasis in original).) Upon receipt of this letter, and throughout the time he received benefits under the Plan, Klimowicz did not contest the applicability of the Plan's Mental Illness Limitation.

Unum informed Klimowicz in a correspondence dated April 22, 2001 that his benefits had ceased, pursuant to the Plan's Mental Illness Limitation. The letter also informed Klimowicz of his right to appeal the claim determination. Klimowicz appealed Unum's claim determination on July 10, 2001 and submitted reports from Dr. Clifford Goldman and Dr. Scott Sigmon as addenda to support his argument that major depressive disorder does not constitute a mental illness. Unum informed Klimowicz in a correspondence dated August 20, 2001 that it would not reverse its claim determination. Unum then forwarded Klimowicz's file to the Quality

Performance Support Unit for completion of the appeal process. On October 11, 2001, the Quality Performance Support Unit informed Klimowicz in writing that it had affirmed Unum's claim determination.

On May 20, 2004, Klimowicz filed a Complaint in the Superior Court of New Jersey, Union County. Unum filed a motion to remove the case to federal court, which this Court granted. Klimowicz then filed an Amended Complaint on September 15, 2004, alleging the following causes of action: 1) breach of fiduciary duty; 2) breach of duty of good faith and fair dealing; 3) violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et. seq.; 4) violation of N.J. Stat. Ann. §§ 17:29B-1 et. seq.; and 5) violation of N.J. Stat. Ann. §§ 17B:27-26 et. seq. (Certif. of Allan Maitlin Ex. B.) Unum filed a motion to dismiss the Amended Complaint,[1] arguing that Klimowicz's state law causes of action are preempted by ERISA and that Klimowicz's request for damages, other than those within the ambit of ERISA, should be stricken. Ultimately, Unum withdrew its motion to dismiss.[2] On December 5, 2006, Unum filed a motion for summary judgment, and Klimowicz responded by filing a cross-motion for summary judgment.

---

[1] Unum filed a motion to dismiss the Complaint before Klimowicz filed the Amended Complaint. In a conference with Judge Falk on September 9, 2004, Klimowicz agreed to file an amended complaint, and the parties agreed that the motion to dismiss previously filed by Unum would solely address this amended complaint.

[2] As part of a multi-state settlement with insurance regulators and the United States Department of Labor, Unum presented Klimowicz with the option of submitting his claim determination to a claim reassessment process, which Klimowicz accepted. In light of the pending claim reassessment process, Unum withdrew its motion to dismiss and this Court entered an order staying the litigation. (Docket Entry No. 15.) The Court vacated the stay on November 6, 2006, after Unum's claim determination was affirmed under the reassessment process. (Docket Entry No. 16.)

The motion and cross-motion for summary judgment discuss whether Klimowicz's disability constitutes a "mental illness" under the Plan's Mental Illness Limitation.  Unum argues as threshold matters that ERISA preempts the Amended Complaint's state law causes of action and that Klimowicz's ERISA claims are time barred under the three-year contractual limitation provision found in the Plan.

## II.  LEGAL STANDARD

### Summary Judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."  In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)).  "[W]ith

respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

### III.  ANALYSIS

####  A.     **Preemption**

Unum argues that ERISA preempts the following causes of action raised by Klimowicz in the Complaint: 1) violation of N.J. Stat. Ann. §§ 17B:27-26 et. seq.; 2) violation of N.J. Stat. Ann. §§ 17:29B-1 et. seq.; 3) breach of duty of good faith and fair dealing; and 4) breach of fiduciary duty.  For the reasons set forth below, the aforementioned state law causes of action will be dismissed.[3]

"ERISA includes expansive preemption provisions. . . which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern."  Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004).  Section 514(a) provides that ERISA preempts all state laws relating to employee benefit plans.  29 U.S.C. § 1144(a).  Section 514(b)(2)(A), known as the "savings clause," creates an exception to this broad preemption rule, providing that ERISA does not supercede state laws "which regulate insurance, banking or securities."  29 U.S.C. § 1144(b)(2)(A); see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44-45 (1987).

ERISA preempts Klimowicz's cause of action under N.J. Stat. Ann. §§ 17B:27-26 et. seq., if the cause of action mirrors those which are within the purview of ERISA Section 502(a). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy

---

[3] This Court need not decide whether ERISA preempts N.J. Stat. Ann. §§ 17:29B-1 et. seq. because N.J. Stat. Ann. §§ 17:29B-1 et. seq. does not provide a private cause of action to individuals.  See Retail Clerks Welfare Fund, Local No. 1049, AFL-CIO v. Cont'l Cas. Co., 176 A.2d 524, 526 (N.J. Super. Ct. App. Div. 1962) ("We do not construe N.J. Stat. Ann. § 17:29B as being incorporated into contracts of insurance written in this State and thereby creating a cause of civil action for breach of contract for the individual policyholder.").

exclusive and is therefore pre-empted." Davila, 542 U.S. at 210 (holding that plaintiff's state law claim alleging wrongful denial of coverage for medical treatment under ERISA-regulated plan was completely preempted by Section 502(a)(1)(B)). If Klimowicz could have brought his state law claim under Section 502(a)(1)(B), and "there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." See id.

To determine whether Section 502(a) subsumes Klimowicz's claim under N.J. Stat. Ann. §§ 17B:27-26 et. seq., this Court must analyze the scope of Section 502(a). Section 502(a) enumerates the exclusive remedies made available under ERISA. Section 502(a)(1)(B) provides that "a civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Stated differently, "[i]f a participant or beneficiary believes that benefits promised to him under the terms of the [employee benefit] plan are not provided, he can bring suit seeking provision of those benefits." Davila, 542 U.S. at 210. The Supreme Court held in Pilot Life that Congress intended the civil enforcement provisions of ERISA to be the exclusive means by which ERISA-plan participants may assert the improper processing or the wrongful denial of a claim for benefits. 481 U.S. at 52.

Klimowicz's claim under N.J. Stat. Ann. §§ 17B:27-26 et. seq. lies within the scope of Section 502(a)(1)(B) and thus is preempted by ERISA. Unum's alleged wrongful denial of benefits constitutes the sole basis of Klimowicz's claim under N.J. Stat. Ann. §§ 17B:27-26 et. seq. (Certif. of Allan Maitlin Ex. B at 9-10.) The alleged denial of benefits promised under the

8

Plan unquestionably could be sought by filing an action under Section 502(a)(1)(B). Indeed, Klimowicz amended the Complaint to raise a cause of action under Section 502(a)(1)(B). Id. at 5. Moreover, Klimowicz's state law claims do not allege that Unum breached a legal duty that exists independent of its authority to grant claim benefits. In assessing whether Klimowicz's disability constitutes a "mental illness," Unum based its determination entirely on its interpretation of the Plan. Klimowicz's cause of action challenging the validity of this determination, consequently, is also based on the Plan, and thus fails to raise a claim that is "entirely independent of the federally regulated contract itself." See Davila, 542 U.S. at 213. Because Klimowicz's suit seeks only to "rectify a wrongful denial of benefits promised under [an] ERISA-regulated plan, and do[es] not attempt to remedy any violation of a legal duty independent of ERISA," Davila, 542 U.S. at 214, Klimowicz's claim under N.J. Stat. Ann. §§ 17B:27-26 et. seq. falls within the scope of ERISA Section 502(a)(1)(B) and accordingly is preempted by ERISA.

ERISA likewise preempts Klimowicz's breach of duty of good faith and fair dealing claim and breach of fiduciary duty claim. See Pilot Life, 481 U.S. at 48 (holding that ERISA preempted plaintiff's common law breach of fiduciary duty claim); Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989) (holding that ERISA preempted plaintiff's state law claim for breach of covenant of good faith and fair dealing); Hartman v. Wilkes-Barre Gen. Hosp., 237 F. Supp. 2d 552, 556 (M.D. Pa. 2002) (holding that ERISA preempted plaintiff's claim for violation of the duty to act in good faith and fair dealing). Because Klimowicz's state law causes of action seek relief from the alleged wrongful of benefits, they duplicate his Section 502(a) claim and are preempted by ERISA.

B.    <u>**Statute of Limitations**</u>

This Court rejects Klimowicz's remaining cause of action under Section 502(a)(1)(B) because it was not timely filed. In order to determine whether a claim is untimely, this Court must first determine the applicable statute of limitations and then assess the date on which the limitations period begins to run. See <u>Koert v. GE Group Life Assurance Co.</u>, 231 F. App'x 117, 120 (3d Cir. 2007). In the first instance, the text of ERISA provides the starting point to determine the applicable statute of limitations period. Because ERISA does not specify a statute of limitations governing claims filed under Section 502(a)(1)(B), courts must "borrow" a local statute of limitations period imposed in claims analogous to the one at issue. <u>Id.</u> at 119. The claim raised by Klimowicz under Section 502(a)(1)(B) is most analogous to a breach of contract claim. <u>Id.</u> Therefore, this Court would typically apply New Jersey's six-year statute of limitations for breach of contract claims. N.J. Stat. Ann. § 2A:14-1; <u>see also</u> <u>PPG Industries, Inc. v. Amer. Home Assurance Co.</u>, 2007 WL 2350646, at *8 (N.J. Super. Ct. App. Div. Aug. 20, 2007). However, parties may agree contractually to a shorter limitation period, if that period is not manifestly unreasonable. <u>Koert</u>, 231 F. App'x at 120.

In the instant case, the Plan stated that the claimant may not file an action against Unum more than three years after proof of claim is due. The Third Circuit has found identical language in employee benefit plans to constitute a reasonable contractual limitation period. <u>See, e.g.</u>, <u>id.</u> at 120 (upholding as reasonable a three-year contractual limitation period running from the date on which proof of claim is due); <u>Fontana v. Diversified Group Adm'r, Inc.</u>, 67 F. App'x 722, 724 n.1 (3d Cir. 2003) (same).

10

Having found that the three-year contractual limitation period in the Plan is enforceable, the next determination is the date on which the limitation period begins to run. According to the Plan, the limitations period begins to run on the date that the claimant must give proof of claim to Unum. (Aff. of Joel Kenniston Ex. A at L-GGP-3.) Section VI(F)(2)(a) of the Plan states that proof of claim must be given to Unum "no later than 90 days after the end of the elimination period." (Id. at L-GGP-2.) The elimination period is defined by the Plan as the 90-day period, beginning on the first day of the disability, during which the claimant does not receive benefits for his disability. (Id. at L-DEF-1.) Because Klimowicz's claim states that he was disabled as of January 22, 1999, the elimination period for his claim ended 90 days later, or April 22, 1999. In accordance with Section VI(F)(2)(a) of the Plan, Klimowicz had to provide proof of claim to Unum by July 22, 1999, 90 days after the end of the elimination period. Accordingly, the contractual limitation period ran from July 22, 1999 to July 21, 2002. Klimowicz's complaint, filed on May 20, 2004 in the Superior Court of New Jersey, unquestionably violates the three-year contractual limitation period imposed by the Plan.[4]

Plaintiff argues that his ERISA claim is not time barred because Unum failed to inform him in any of its correspondence of the three-year contractual limitation period specified in the

---

[4] Plaintiff contends that this action is timely even if the contractual limitation provision applies because the Plan states that "if it is not possible to give proof [of claim] within these time limitations, it must be given as soon as reasonably possible." (Aff. of Joel Kenniston Ex. A at L-GGP-2.) However, Unum informed Klimowicz in a correspondence dated August 24, 1999 that it received his proof of claim forms. (Aff. of Joel Kenniston Ex. B at Bates Stamp No. UACL00013.) Even if the contractual limitation period ran from the date on which Klimowicz actually provided Unum with the proof of claim, the clock would start, at the latest, on August 24, 1999 and end on August 23, 2002. Klimowicz's claim was filed well over two years after the clock expired, and thus is untimely.

Plan.  ERISA provides that, when a plan participant's claim for benefits has been denied, the employee benefit plan must provide the plan participant with adequate written notice explaining the specific reasons for the denial of benefits and an opportunity to seek review of the denial.  29 U.S.C. § 1133.  Regulations passed by the Department of Labor elaborate on this requirement, stating that, among other information, the written notice must set forth a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the plan participant's right to bring a civil action.  29 C.F.R. § 2560.503-1(g)(iv).  However, this regulation only applies to claims filed under a plan on or after January 1, 2002.  29 C.F.R. § 2560.503-1(o)(1); see also Koert, 231 Fed. App'x. at 120.  Because Klimowicz filed his disability claim in 1999, he is not entitled under the regulations to receive information about the contractual limitations period in the written notice provided by Unum.

Klimowicz also asserts that Unum waived its right to contest the timeliness of Klimowicz's claims because Unum failed to raise this ground for dismissal in its motion to dismiss.  This argument fails for two reasons.  First, Unum withdrew its motion to dismiss on February 28, 2005, due to the pending reassessment of Klimowicz's claim and the resultant stay imposed on the litigation by this Court.  Unum has not had an opportunity for this Court to rule on any motion to dismiss it has submitted.

Second, failure to raise an affirmative defense such as a statute of limitations argument in an appropriate motion does not automatically result in a waiver.  See Balter v. United States, 172 F. App'x 401, 403 (3d Cir. 2006) (holding that statute of limitations argument was not waived despite the fact that it was not raised in the defendant's motion to dismiss or its motion for summary judgment).  A defendant does not waive an affirmative defense if raised at a

12

pragmatically sufficient time with no prejudice to the plaintiff.  Stafford v. E.I. Dupont de Nemours, 27 Fed. App'x. 137, 140 (3d Cir. 2002).

Klimowicz was not unfairly prejudiced by Unum's contractual limitations argument because he received notice of the affirmative defense upon receiving Unum's brief in support of its motion for summary judgment.  Klimowicz had a full and fair opportunity to present his arguments on the subject.  See id. (upholding defendant's statute of limitations argument because plaintiff met the affirmative defense head-on in the district court and had a full and fair opportunity to respond to the affirmative defense).  By including the contractual limitation argument in its summary judgment motion, Unum highlighted the untimeliness of this action in a timely fashion and accordingly should obtain summary judgment on Klimowicz's ERISA claim.

## IV.  CONCLUSION

For the reasons stated above, this Court finds that the Defendant has demonstrated that "there is no genuine issue as to any material fact and that [it is] entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  Defendant's motion for summary judgment is granted, and Plaintiff's cross-motion for summary judgment is denied.


　　　　　　　　　　　　　　　　　　　　　　　S/Joseph A. Greenaway, Jr.
　　　　　　　　　　　　　　　　　　　　　　　JOSEPH A. GREENAWAY, JR., U.S.D.J.


Dated: September 28, 2007